IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-141-FL-1
No. 5:16-CV-297-FL-1

| | | |
|---|---|---|
| NICOLE ESTELLA JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 (DE 53), wherein she asserts the court should vacate her conviction for brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The government concedes that petitioner is entitled to § 2255 relief, and requests that the court set this matter for resentencing.

**BACKGROUND**

On June 14, 2013, petitioner pleaded guilty to: 1) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (count one), and 2) brandishing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count two). On December 20, 2013, the court sentenced petitioner to an aggregate term of 192 months' imprisonment.

On May 31, 2016, petitioner filed the instant motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that her § 924(c) conviction should be

vacated pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  On July 8, 2016, the court granted respondent's motion to stay the § 2255 proceedings pending the United States Court of Appeals' decision in United States v. Simms, No. 15-4640 (4th Cir. 2016).  The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431 (2019).  The Supreme Court decided Davis on June 24, 2019.  The court entered order lifting the stay on July 18, 2019, and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motion. Petitioner filed supplemental response on August 19, 2019, and the government filed its response on August 29, 2019.   The government concedes that petitioner's § 924(c) conviction should be vacated and the matter set for resentencing.

## COURT'S DISCUSSION

Pursuant to 18 U.S.C. § 924(c)(1)(A), a person who uses or carries a firearm, "during and in relation to any crime of violence or drug trafficking crime" or who possesses a firearm "in furtherance of any such crime" may be convicted of violating § 924(c)(1)(A) and the predicate crime of violence or drug trafficking crime.  Upon conviction, the court must sentence the defendant to at least five years' imprisonment consecutive to the sentence imposed for the predicate crime of violence or drug trafficking crime. § 924(c)(1)(A).  Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B).

In Davis, the Supreme Court held that § 924(c)(3)(B) is unconstitutionally vague, relying in part on Johnson, which held a similar provision in the Armed Career Criminal Act is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). In Simms, the Fourth Circuit held that conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019).

Here, the predicate crime of violence supporting petitioner's § 924(c) conviction is conspiracy to commit Hobbs Act Robbery. As set forth above, Simms and Davis establish that conspiracy to commit Hobbs Act Robbery no longer qualifies as a crime of violence under § 924(c)(3)(A), and that § 924(c)(3)(B) is unconstitutionally vague. Petitioner's § 924(c) conviction therefore is invalid. The government concedes petitioner is entitled to § 2255 relief in these circumstances, and asks that the court vacate petitioner's § 924(c) conviction and her sentence in its entirety.

Based on the foregoing, the court GRANTS petitioner's motion to vacate (DE 53), VACATES petitioner's conviction on count two, and VACATES petitioner's sentence in its entirety. Petitioner's conviction for conspiracy to commit Hobbs Act Robbery remains intact. The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 30th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge