IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-141-FL-1
NO. 5:16-CV-297-FL

| | | |
|---|---|---|
| NICOLE ESTELLA JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for relief pursuant to Federal Rule Civil Procedure 60(b), (DE 70). The motion was fully briefed and in this posture the issues raised are ripe for decision. For the reasons stated below and in open court on January 9, 2020, the court grants the motion, vacates its August 30, 2019, order and judgment granting habeas relief, and denies petitioner's motion to vacate, set aside, or correct sentence, (DE 53).

## BACKGROUND

On June 14, 2013, petitioner pleaded guilty to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one), and one count of brandishing a firearm during and in relation to a crime of violence and aiding abetting same, in violation of 18 U.S.C. § 924(c)(1)(A) and 2 (count two). On December 20, 2013, the court sentenced petitioner to 108 months' imprisonment on count one and 84 months' imprisonment on count two, to be served consecutively, producing an aggregate custodial sentence of 192 months' imprisonment.

On May 31, 2016, petitioner filed motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that her § 924(c) conviction (count two) should be vacated in light

of Johnson v. United States, 135 S. Ct. 2551 (2015). At respondent's request, the court stayed the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). On July 18, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and United States v. Davis, 139 S. Ct. 2319 (2019) on petitioner's motion. On August 29, 2019, respondent filed response to the court's order conceding that petitioner's § 924(c) conviction should be vacated, and petitioner resentenced. On August 30, 2019, the court entered order granting petitioner's § 2255 motion, which vacated her conviction on count two and her sentence in its entirety. The court scheduled petitioner's resentencing hearing on count one for January 9, 2020.

On December 27, 2019, respondent filed the instant motion for relief from judgment pursuant to Federal Rule Civil Procedure 60(b). As discussed further below, respondent argues it erroneously consented to habeas relief and that the court erred by vacating petitioner's § 924(c) conviction. Respondent requests that the court vacate its August 30, 2019, order and judgment, and reinstate petitioner's original judgment of conviction. Petitioner filed response in opposition on December 30, 2019.

On January 9, 2020, the court held hearing on respondent's motion and granted the motion in open court with written order to follow.

## DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

Turning to respondent's motion for relief from judgment, Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If the moving party makes this threshold showing, the inquiry turns to whether one of the six specific subsections of Rule 60(b) authorize relief. Id.; Fed. R. Civ. P. 60(b). Here, respondent moves for relief under subsection (b)(1), which authorizes the court to grant relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The motion must be "made within a reasonable time – and for [subsection (b)(1)] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

B.  Analysis

1.  Legal Error in the Court's Judgment

The court first explains the error in its August 30, 2019, order and judgment, which granted petitioner's § 2255 motion and vacated her conviction on count two. Pursuant to 18 U.S.C. § 924(c), a person convicted of using or carrying a firearm, "during and in relation to any crime of

3

violence or drug trafficking crime" and who brandishes said firearm is subject to a mandatory minimum seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(ii). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) (the "residual clause") is unconstitutionally vague, thereby rendering invalid § 924(c) convictions that were based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. Simms further holds that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A) (the "elements clause"). Simms, 914 F.3d at 233-34. Accordingly, in the Fourth Circuit, a § 924(c) conviction cannot be predicated on conspiracy to commit Hobbs Act robbery. See id. at 233-34, 237.

Here, the criminal information charged petitioner with conspiracy to commit Hobbs Act robbery (count one), and brandishing a firearm during a crime of violence, in violation of § 924(c)(1) (count two). When the parties initially agreed to habeas relief, they believed the predicate "crime of violence" supporting petitioner's conviction on count two was conspiracy to commit Hobbs Act robbery because that was the criminal offense charged in count one. Respondent therefore consented to habeas relief because, as set forth above, conspiracy to commit

Hobbs Act robbery cannot serve as the predicate offense supporting petitioner's § 924(c) conviction. See Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 233-34, 237. Based on that concession, the court vacated petitioner's § 924(c) conviction in its August 30, 2019, order.

Unfortunately, neither the parties nor the court took into account the charging text in the criminal information. Count two, to which petitioner pleaded guilty, charges that:

> On or about April 14, 2011, [petitioner] knowingly used and carried a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States <u>as alleged in Count One of this Information, that is, robbery affecting interstate commerce in violation of Title 18, United States Code, Section 1951</u>, and possessed the firearm in furtherance of said crime, and said firearm was brandished, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

(Criminal Information (DE 18) at 2 (emphasis added)). To the extent this language sufficiently alleges that the predicate crime of violence is substantive Hobbs Act robbery, and the record supports that petitioner pleaded guilty to violating § 924(c) by committing substantive Hobbs Act robbery, petitioner's § 924(c) conviction is valid and the court should not have granted habeas relief.[1] See United States v. Mathis, 932 F.3d 242, 266 & n.24 (4th Cir. 2019) (holding substantive Hobbs Act robbery is a valid predicate crime of violence for purposes of § 924(c)(3)(A)).

Petitioner argues that count two is ambiguous as to the precise predicate crime supporting petitioner's § 924(c) conviction. Count two charges the predicate crime of violence is "as alleged in Count One of this Information, that is, robbery affecting interstate commerce in violation of

---

[1] Notably, the government is not required to separately charge the underlying crime of violence or drug trafficking offense in the charging instrument to obtain a conviction under § 924(c). See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Thus, the fact that substantive Hobbs Act robbery was not separately charged as an additional count in the criminal information does not render petitioner's § 924(c) conviction invalid.

5

Title 18, United States Code Section 1951." (Criminal Information (DE 18) at 2). Because count one alleges conspiracy to commit Hobbs Act robbery, and not the substantive Hobbs Act robbery identified in the "that is" clause of count two, petitioner argues that count two is ambiguous and, construing the ambiguity against the government, the court should find petitioner's conviction was predicated on conspiracy to commit Hobbs Act robbery.

The criminal information and record of petitioner's arraignment do not support petitioner's argument. Count one indeed alleges conspiracy to commit Hobbs Act robbery, but it also identifies numerous overt acts committed by defendant in furtherance of the conspiracy, including a substantive Hobbs Act robbery perpetrated on April 14, 2011. (Id. at 1-2). The first sentence of count two charges that petitioner violated § 924(c) on or about April 14, 2011, "as alleged in Count One" and therefore refers to the April 14, 2011, substantive Hobbs Act robbery charged as an overt act in count one. (See id.).

Furthermore, at petitioner's arraignment, she admitted under oath in open court that she "on or about April 14 of 2011 . . . aiding and abetting another [did] use and carry a firearm during and in relation to a crime of violence <u>as charged in . . . Count two</u>." (Arraignment Tr. (DE 47) at 20:15-20 (emphasis added)). As set forth above, count two alleges that the predicate crime of violence is a substantive Hobbs Act robbery committed on April 14, 2011. (See Criminal Information (DE 18) at 2). The government's factual proffer at arraignment further alleged that defendant committed substantive Hobbs Act robbery on April 14, 2011, the same date as alleged in count two that petitioner brandished a firearm during a crime of violence. (Arraignment Tr. (DE 47) at 18:22-20:7).

In these circumstances, the court finds petitioner pleaded guilty to violating § 924(c) by brandishing a firearm during the April 14, 2011, Hobbs Act robbery alleged as an overt act in count one. See United States v. Cannon, 778 F. App'x 259, 260-61 (4th Cir. 2019) (holding district court established sufficient factual basis for plea where "[t]he § 924(c) count to which [defendant] pled guilty was predicated not only on conspiracy but also on substantive Hobbs Act robbery that [the defendant] committed on April 27, 2015; and his stipulated statement of facts established that he committed that substantive offense."); see also In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019) (declining to authorize second or successive § 2255 motion based on Davis where the record of petitioner's arraignment established that the predicate offense supporting the petitioner's § 924(c) conviction was a drug trafficking offense). And because the predicate crime of violence is substantive Hobbs Act robbery, petitioner should not have consented to habeas relief and the court clearly erred by vacating petitioner's conviction and sentence.

2.  Rule 60(b) Analysis

Turning to respondent's motion for relief from judgment, petitioner argues respondent cannot meet the threshold requirements for Rule 60(b) relief, and that a mistake of this nature cannot be corrected pursuant to Rule 60(b)(1). The court disagrees.

As to timeliness, petitioner contends her habeas petition has been pending more than three years, and that respondent waited until four months after the court granted habeas relief to file the instant Rule 60(b) motion. Petitioner, however, does not contest that respondent discovered the error on December 19 or 20, 2019, and filed the motion on December 27, 2019, within one week of discovering the error. (See DE 70 at 3). The post-judgment delay appears reasonable where respondent filed the motion within approximately one week of discovering the error,

7

approximately four months after the court entered judgment, and before the court resentenced petitioner. See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (holding Rule 60(b) motion timely where defendant filed it within 11 weeks of judgment becoming final on appeal); see also Wells Fargo Bank, 859 F.3d at 300 (suggesting "a three-and-a-half-month delay following notice [of the error may be] reasonable" assuming moving party was diligent in seeking relief (citing Bouret-Echevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37 (1st Cir. 2015)); Ritter v. Smith, 811 F.2d 1398, 1402 (11th Cir. 1987) (holding Rule 60(b) relief is appropriate where judgment is unexecuted and "it would be unjust to give prospective effect to a judgment now known to be improper").

Petitioner also argues the motion is untimely because in her view respondent's deadline to appeal the court's judgment has expired. See Aikens v. Ingram, 652 F.3d 496, 502 (4th Cir. 2011) (en banc) (noting that Rule 60(b) motion cannot serve as substitute for an appeal). A § 2255 judgment that grants habeas relief and orders resentencing, however, does not become final and appealable until the resentencing occurs. See Andrews v. United States, 373 U.S. 334, 339-40 (1963); United States v. Stitt, 459 F.3d 483, 485 (4th Cir. 2006); see also Haynes v. United States, 873 F.3d 954, 956–57 (7th Cir. 2017).[2] As set forth above, respondent filed the instant motion before the court resentenced petitioner. Accordingly, the deadline to notice appeal had not

---

[2] Because the § 2255 judgment is not final until resentencing, the proper vehicle for bringing the instant motion arguably is Federal Rule Civil Procedure 54(b), which permits reconsideration of interlocutory orders. See Fed. R. Civ. P. 54(b). The parties, however, have focused their briefing on Rule 60(b), and the court therefore will analyze the instant motion under the more demanding standards applicable to Rule 60(b). To the extent the motion should have been brought under Rule 54(b), relief also is appropriate under that rule. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017) (holding Rule 54(b) motion should be granted where moving party demonstrates interlocutory order is clearly erroneous and causes manifest injustice).

8

expired when respondent moved for relief from judgment, and the motion is not untimely on this basis.

Respondent also must demonstrate a meritorious defense and that the non-moving party will not be unfairly prejudiced by granting relief. Wells Fargo Bank, 859 F.3d at 299. The court finds respondent has a meritorious defense for the reasons set forth above: the court was without authority to grant habeas relief in this action, and it was clear legal error for the court to hold otherwise in its August 30, 2019, order. As to unfair prejudice, petitioner has been prejudiced as a result of this course of events: when the court granted relief, petitioner likely assumed she would receive a substantially reduced sentence at the resentencing hearing. Petitioner, however, cannot demonstrate the prejudice was "unfair" where she was not entitled to have her convictions vacated in the first place. See Ritter, 811 F.2d at 1405 (noting erroneous judgment granting habeas relief did not cause unfair prejudice where the petitioner could have received the same sentence at the resentencing hearing). Furthermore, the prejudice analysis is not controlling, particularly where the moving party has made a substantial showing on the remaining threshold requirements. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see also Ritter, 811 F.2d at 1405 (prejudice factor may be outweighed by "the otherwise extraordinary circumstances" supporting Rule 60(b) relief).

Turning to the exceptional circumstances factor, the Fourth Circuit has held that a legally erroneous judgment may justify relief under Rule 60(b)'s exceptional circumstances test. See White v. Investors Mgmt. Corp., 888 F.2d 1036, 1041 (4th Cir. 1989) ("When the court overlooks the dispositive issue in a case . . . there has been a mistake and inadvertence and one that works an injustice. [Rule 60(b)(6)] . . . clearly covers [such circumstances.]"); Compton, 608 F.2d at 106-

07 (finding extraordinary circumstances under Rule 60(b)(6) where "unquestionably there was no basis whatsoever either in fact or in law for [the] judgment"); Ritter, 811 F.2d at 1401-03 (erroneous habeas judgment can be corrected under Rule 60(b)(6)'s extraordinary circumstances test particularly where the judgment is unexecuted). As set forth above, the court's judgment granting habeas relief is legally erroneous and the court lacks legal authority to vacate petitioner's conviction or resentence petitioner. Accordingly, the court finds respondent has demonstrated exceptional circumstances.

Finally, the Fourth Circuit has indicated that the court's erroneous judgment can be corrected as a "mistake" under Rule 60(b)(1). See White, 888 F.2d at 1041-42 (noting mistake or inadvertence includes situations where the district court "overlooks the dispositive issue in a case" but resolving the appeal under subsection (b)(6)); United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("In certain limited circumstances, the word 'mistake' in [Rule 60(b)(1)] has indeed been read to include mistakes by the court." (citing Tarkington v. United States Lines Co., 222 F.2d 358 (2d Cir. 1955)); see also Hill v. McDermott, Inc., 827 F.2d 1040, 1043 (5th Cir. 1987) (explaining Rule 60(b)(1) relief is available for "an obvious error of law, apparent on the record" including judgment that "obviously conflicts with a clear statutory mandate" or "involves a fundamental misconception of the law"); cf. Werner, 731 F.2d at 207 (noting that Rule 60(b)'s "grounds for relief often overlap" and therefore courts are "free . . . to do justice in cases in which the circumstances generally measure up to one or more of the itemized grounds").[3] Given the

---

[3] The United States Supreme Court has held that the clauses in Rule 60(b)(1)-(6) are mutually exclusive and therefore a party cannot use Rule 60(b)(6) to avoid the time limitations that govern subsection (b)(1). See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). In this case, however, respondent's Rule 60(b)(1) motion was timely, and therefore respondent was free to rely on either subsection (b)(1) or (b)(6) in moving for relief from the judgment.

exceptional circumstances noted above, where the court was without authority to grant habeas relief to petitioner, the court finds its mistake of law can be corrected under Rule 60(b)(1).[4]

Based on the foregoing, the court will vacate the August 30, 2019, order and judgment granting habeas relief, deny petitioner's § 2255 motion, and reinstate petitioner's original judgment of conviction and sentence. Although the court regrets the unfortunate turn of events leading to this order, the court is compelled to grant respondent's motion for relief from judgment in this instance.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

[4] Petitioner argues that an attorney's negligence or mistake cannot justify relief under Rule 60(b)(1), relying on American Lifeguard Ass'n v. American Red Cross, No. 92-2460, 1994 WL 144321, at *2-3 (4th Cir. Apr. 22, 1994). Unlike the mistake at issue in American Lifeguard, this case involves a mistake by the court that resulted in a legally erroneous judgment granting petitioner habeas relief.

11

court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the motion states a valid claim of denial of a constitutional right. Accordingly, the court denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion for relief from judgment pursuant to Federal Rule Civil Procedure 60(b), (DE 70), and VACATES its August 30, 2019, order and judgment. The court DENIES petitioner's motion to vacate, set aside, or correct sentence, (DE 53), and DIRECTS the clerk to enter final judgment reflecting same. Petitioner's January 2, 2014, amended judgment of conviction and sentence, (DE 38), is REINSTATED. The court DENIES a certificate of appealability.

SO ORDERED, this the 10th day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge